Filed 2/25/15  P. v. Tacu CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B256366 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA075285) |
| v. | |
| AMADO TACU, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant and appellant Amado Tacu (defendant) appeals his judgment of conviction of battery with serious bodily injury. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On December 22, 2014, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was charged with two felony counts after he seriously injured Cory Stanlow (Stanlow).  Defendant was charged in count 1 with using force and violence on Stanlow and inflicting serious bodily injury in violation of Penal Code sections 242 and 243, subdivision (d).[1]  In count 2 he was charged with assault by means likely to produce great bodily injury in violation of section 245, subdivision (a)(4).  The information also alleged that defendant inflicted great bodily injury upon Stanlow within the meaning of section 12022.7, subdivision (a).

Since defendant waived his right to a jury trial, the matter proceeded as a bench trial.  The evidence showed that defendant argued with Stanlow and as Stanlow was kneeling to replace a tire on defendant's car, defendant attacked him and punched him in the face, fracturing Stanlow's nose and an eye orbit.  Defendant testified that Stanlow pointed a gun at him.

The trial court found defendant guilty of count 1 as charged and dismissed count 2 under section 1385.  The court suspended imposition of sentence, placed defendant on formal felony probation for three years, under terms and conditions that included completing 365 days in the Fresh Start Dual Diagnosis Program, a residential treatment program.  The court determined that defendant had spent 236 actual days in presentence custody, but defendant waived credit in order to participate in the Fresh Start program and on the condition that the custody credit would remain available should sentence be imposed in the future.  The court ordered defendant to pay victim restitution and scheduled a restitution hearing for the following month.  Defendant waived his presence at the hearing.  Defendant's probation in two other cases was revoked and reinstated on the same terms and conditions.  Defendant filed a timely notice of appeal.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment

---

[1]    All further statutory references are to the Penal Code unless indicated otherwise.

entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.